### ADOLPH PEARL v. ROBITSCHEK & TAUSSIG.

To entitle a defendant to a notice of assessment of damages on failure to answer, under subdivision 2 of section 246 of the Code, he must have appeared in the action " before the expiration of the time for answering." Not having appeared until after that time, it is not irregular for the plaintiff to proceed with the assessment without notice to him (overruling *Abbott* v. *Smith*, 8 How. Pr. 463 ; and distinguishing *Carpenter* v. *New York and New Haven R. R. Co.*, 11 Id. 481).

One of several defendants, not served with process, may anticipate such service by appearing in the action whenever his rights may be affected by the proceedings, and he is then as much entitled to service of papers on him, as if he had duly appeared after service of process (per BRADY, J.)

Where an order of reference to assess damages on failure to answer was, by mistake, obtained from another court than that in which the action was brought, and the witnesses were examined thereunder ; but afterward, the mistake having been discovered, the case was referred by the proper court to the same referee, before whom all the witnesses, except one, reswore to their depositions ; *held*, that the irregularity was cured as to the witnesses resworn after the referee had been duly appointed ; and the fact that the referee had attached to his report some testimony which was irregularly taken, is not a ground for vacating his report, when the objectionable deposition may be entirely suppressed and disregarded without impairing the report itself.

APPEAL by one of two defendants from an order made at special term, denying a motion to open a default, and set aside plaintiff's proceedings, except on conditions. The action was brought for violation of trade mark. The defendant Robitschek was served with a copy of the summons and complaint on May 31, 1865 ; on the 15th day of July, 1865, the attorney for Robitschek served a notice of appearance on the plaintiff's attorney, which was returned as having been served after default. The plaintiff obtained an order inadvertently in the Supreme Court referring the action to D. P. Ingraham, Jr., Esq., to ascertain and assess the damages of the plaintiff as

upon a default for want of an answer. After some of the witnesses had been examined, the mistake was discovered, and an order of reference was obtained from this court referring the cause to the same referee, to ascertain and assess the plaintiff's damages, and the witnesses previously examined were resworn by him. The defendant Taussig was not served with process, but appeared in the action, and was examined before the referee, and the plaintiff offered to discontinue the action as against him, and judgment was entered against the defendant Robitschek alone. The defendant, on the hearing of the motion, urged that the proceedings of the plaintiff were irregular : 1st. Because the decree entered is based upon the alleged report of a referee, part of which report consists of a forgery. 2d. The order of reference directing an assessment of damages was obtained without notice to defendant's attorney. 3d. The examination of witnesses before the referee was had without notice to said defendant's attorney. 4th. That most of the witnesses were examined before any order of reference had been granted, and some of them were resworn afterward.

The following opinion was given at special term :

BRADY, J.—My conclusions in this case are :

1. That the 246th section of the Code, in express terms, relieves the plaintiff from all obligation to give notice of an application for relief to a defendant who does not appear until after the time to answer expires, and that the proceedings of the plaintiff, therefore, in this action relating to the defendant Robitschek are regular.

2. That a defendant not served with process, but jointly charged with another, may anticipate the service of process by appearing in the action whenever his rights may be affected injuriously by the proceedings, and he will then be entitled to the service of such papers upon him as required when a defendant shall appear after service of process.

3. That the rights of the defendant Taussig to appear in this action was established by the evidence given before the referee, which related to his acts as well as those of the defendant Robitschek, and which shows that he had rights to protect which might be affected by the judgment.

4. That the proceedings as to him, or relating to him, were therefore irregular, and must be set aside.

5. That no judgment having been entered against him, the motion on his part is granted without costs, and with liberty to the plaintiff to discontinue as to him on the payment of $10 costs.

6. That the defendant Robitschek shall have liberty to appear and answer on the payment of $10 costs and the sheriff's fees, the judgment to stand as security.

7. The terms of this order to be complied with in ten days, or the motion of the defendant Robitschek to be denied, with $10 costs ; and the election as to Taussig to be made during the same period, or the motion on his part to be granted with $10 costs.

From this decision the defendant Robitschek appealed to the general term of this court.

*Charles Wehle*, for appellant.

*F. C. Cantine*, for respondent.

By THE COURT.—CARDOZO, J.—It will only be necessary to examine the action of the special term as respects the motion of the defendant Robitschek. The decision below upon the motion of the defendant Taussig has not been appealed from, either by him or the plaintiff, and consequently is not before us for review.

By a notice served on the part of the defendant, he restricted the grounds of his application to the special term to four alleged irregularities, and consequently our examination may be confined to those points.

The first ground assumed below, that the decree is based upon a report which was in part a forgery, is not sustained by any evidence, and needs no further remark.

The second and third positions are embraced in one consideration. They are based upon the objection, that the plaintiff proceeded without notice to the attorney of the defendant Rob-

itschek, who served notice of appearance after the time for answering had expired. The plaintiff's attorney duly returned the notice of appearance, and proceeded as if he had never received it. I think it plain that Judge Brady was correct in holding that the plaintiff's practice was regular.

I do not see any reason in any case for a different rule under the Code, as to the effect of service of notice of appearance after the time for answering has expired, from that which prevailed under the former system when notice of retainer was served after a rule for default, but before assessment for damages. I had supposed, until my examination of this appeal, that there was no doubt that under the former practice a notice of retainer served after default could be disregarded, but I find that Judge Mitchell, in a special term case since the Code (*Abbott* v. *Smith*, 8 How. Pr. R. 463), says that this "is contrary to what is believed to have been the practice here." With great respect for the learned judge, I think this was incorrect. The question came directly before the late Supreme Court, in the case of *Lyods* v. *West*, 12 Wend. 235, and it was held by Judge Sutherland that the plaintiff had the right to disregard a notice of retainer served after default, and could not by a notice so served be required to delay his judgment by giving notice of assessment. And so the books of practice lay down the rule (1 Burrill's Pr. 373; Graham's Pr. 711; 1 Monell's Pr. 2d ed. 501).

The only decisions which I have been able to find upon the point under the Code are three special term cases, viz. : *White* v. *Featherstonhaugh*, 7 How. Pr. R. 357, in which Judge Harris held in conformity with the rule under the old practice, as I have stated it; *Abbott* v. *Smith*, above mentioned, in which Judge Mitchell took a contrary view of the effect of the Code; and *Carpenter* v. *The N. Y. & N. H. R. R. Co.* 11 How. Pr. R. 481, decided by Justice Hoffman in the Superior Court.

The precise question, however, which arises here was not presented either in the case in 7th Howard, nor in that in 8th Howard. Both of those cases arose under the first subdivision of the 246th section of the Code, which applies to cases in which the demand rested upon contract, and which declares

that the defendant shall be entitled to notice of assessment of damages if he give notice of appearance in the action, while the present case comes under the second subdivision of the section, in which the right to exact notice of assessment is expressly limited to an appearance made "before the time for answering has expired."

Whether the rule which prevailed before the Code be or not the law now in cases under the first subdivision of this section, it is as clear as language can make it, that it is so as to cases coming under the second subdivision. Mr. Justice Hoffman seems not to have considered the difference in the phraseology of the two subdivisions of the section, and to have relied on the case in 8th Howard, which was inapplicable to the question before him, because the case in the Superior Court came under the second, while that in 8th Howard was under the first subdivision.

There is therefore no decision that can be regarded as authority, that the defendant was entitled to notice of the proceedings in this suit, and the language of the Code is too explicit to admit of a doubt that Judge Brady was right in the decision he made on this point.

The fourth and last alleged irregularity specified, is that the witnesses "were examined before any order of reference had been granted, and that some of them were resworn afterward." It appears that, by mistake, the plaintiff's attorney, supposing this case to be in the Supreme Court, obtained from that tribunal an order of reference to D. P. Ingraham, Jr., Esq., and proceeded to examine the witnesses, and their testimony was taken in the form of a deposition, and subscribed by them. Upon discovering his error, the plaintiff's attorney applied to this court, and procured an order of reference to the same gentleman. After this, all the witnesses except one appeared before the referee, but instead of being questioned anew, the depositions which they had made when the referee was acting under the order of reference granted by the Supreme Court were resworn to by them. This affords no ground of complaint. The witnesses were sworn by the referee after he received his appointment from this court. I have examined the evidence,

and I do not find that there is any material fact testified to by Taussig, who was not resworn after the order of reference by this court, which is not proven by other witnesses, and I think the fact that the referee has attached to his report some testimony which was irregularly taken, is no reason to vacate his report when the objectionable deposition may be entirely suppressed and disregarded without in any way impairing the report itself.

I have thus considered every point upon which the defendant Robitschek based his application below, and being of opinion that they are all untenable, I think the order should be affirmed, with costs.

Order affirmed.